UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ZAMORA, Jr., | No. 2:14-cv-2909 TLN DAD PS |
| Plaintiff, | |
| v. | ORDER |
| WILLIAM DAVIS, et al., | |
| Defendants. | |

Plaintiff Anthony Zamora is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil action in federal district court. 28 U.S.C. § 1914(a). In addition, a $50.00 general administrative fee for civil cases must also be paid. 28 U.S.C. § 1914(b). The court may authorize the commencement of an action "without prepayment of fees . . . by a person who submits an affidavit" showing that he is unable to pay such fees. 28 U.S.C. § 1915(a). Plaintiff, however, has neither paid the required filing fees nor submitted an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

Moreover, jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited

1

1  jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v.
2  Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37
3  (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears
4  affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting
5  Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).
6        Lack of subject matter jurisdiction may be raised by the court at any time during the
7  proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir.
8  1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has
9  subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the
10 obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v.
11 Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court
12 cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.
13       The burden of establishing jurisdiction rests upon plaintiff as the party asserting
14 jurisdiction. Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974)
15 (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial,
16 implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy
17 within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946)
18 (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly
19 insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of
20 jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even
21 "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction
22 . . . and may be dismissed sua sponte before service of process.").
23       In his complaint plaintiff alleges that the named defendants stole various items from him,
24 including platinum metal, a cigarette lighter collection, a vehicle and $100,000 in jewelry,
25 clothes, telecommunications equipment and home furnishings. (Compl. (Dkt. No. 1) at 1.) The
26 complaint indicates that this action is brought pursuant to 42 U.S.C. § 1983.
27 /////
28 /////

1  Title 42 U.S.C. § 1983 provides that,

2
3
4
> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

5  In order to state a cognizable claim under § 1983 the plaintiff must allege facts

6  demonstrating that he was deprived of a right secured by the Constitution or laws of the United

7  States and that the deprivation was committed by a person acting under color of state law. West

8  v. Atkins, 487 U.S. 42, 48 (1988). It is the plaintiff's burden in bringing a claim under § 1983 to

9  allege, and ultimately establish, that the named defendants were acting under color of state law

10 when they deprived him of a federal right. Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

11 Here, there are no allegations in plaintiff's complaint suggesting that the named defendants were

12 at any time acting under color of state law.

13 Moreover, the minimum requirements for a civil complaint in federal court are as follows:

14
15
16
> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

17 FED. R. CIV. P. 8(a).

18 Here, plaintiff's complaint fails to contain a short and plain statement of a claim showing

19 that he is entitled to relief. Instead, the complaint merely alleges in a vague and conclusory

20 manner that the named defendant stole the identified items from plaintiff.

21 Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

22 complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

23 state the elements of each claim plainly and succinctly. FED. R. CIV. P. 8(a)(2); Jones v.

24 Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels

25 and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor

26 does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

27 enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,

28 557. A plaintiff must allege with at least some degree of particularity overt acts which the

1  defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

2  Accordingly, plaintiff's complaint will be dismissed due to the lack of subject matter
3  jurisdiction.  Plaintiff, however, he will be granted leave to file an amended complaint that
4  establishes subject matter jurisdiction.  Plaintiff is cautioned, however, that if he elects to file an
5  amended complaint "the tenet that a court must accept as true all of the allegations contained in a
6  complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of
7  action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678.
8  "While legal conclusions can provide the complaint's framework, they must be supported by
9  factual allegations." Id. at 679.  Those facts must be sufficient to push the claims "across the line
10 from conceivable to plausible[.]"  Id. at 680 (quoting Twombly, 550 U.S. at 557).

11 Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an
12 amended complaint complete.  Local Rule 220 requires that any amended complaint be complete
13 in itself without reference to prior pleadings.  The amended complaint will supersede the original
14 complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint,
15 just as if it were the initial complaint filed in the case, each defendant must be listed in the caption
16 and identified in the body of the complaint, and each claim and the involvement of each
17 defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file
18 must also include concise but complete factual allegations describing the conduct and events
19 which underlie plaintiff's claims.

20 Accordingly, IT IS HEREBY ORDERED that:

21 1. The complaint filed December 15, 2014 (Dkt. No. 1) is dismissed with leave to
22 amend.

23 2. Within twenty-eight days from the date of this order, an amended complaint
24 shall be filed that cures the defects noted in this order and complies with the Federal Rules of
25 Civil Procedure and the Local Rules of Practice.[1]  The amended complaint must bear the case
26 number assigned to this action and must be titled "Amended Complaint."

---

[1] Alternatively, plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

3. Within fourteen days of filing an amended complaint, plaintiff shall either pay the required filing fee or file an application to proceed in forma pauperis

4. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated: April 30, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\zamora2909.dism.lta.ord.docx